No. 273

EUCLID-WINDSOR CO. v. FORD-McCASLIN CO.

No. 19617. Supreme Court

On motion to certify. Dock. Feb. 8, 1926; 4 Abs. 112.

313. CORPORATIONS—In a suit against a corporation for breach of a written contract is it necessary to show that the officer who executed the contract for the corporation had express authority so to do in order to recover for the breach?

One R. D. Jacobs, as vice-president of the Euclid Windsor Co., signed a contract in behalf of the Company by virtue of which the Ford-McCaslin Co. obtained certain rights in securing tenants for a building to be erected upon property leased by the Euclid Windsor Co.

Subsequently Jacobs in the same capacity signed a rescinding agreement and thereby agreed to give to Ford-McCaslin Co. as consideration $2500 in cash and 60 shares of common stock of the Stuyvesant Motor Co. The stock was delivered but the $2500 was not paid and the Ford-McCaslin brought this ac-

tion originally in the Cuyahoga Common Pleas to recover this amount.

The Euclid Windsor Co. filed a general denial and further set up that Jacobs was vice-president of The L. W. Kelly Company and that the directors were the same in both companies and that if any liability exists, it would attach to the Kelley Co.

It appears that the corporate records disclosed no authority for Jacob's acts; that The Kelley Co. was promoting the sale of stock of the Euclid Windsor Co.; that The Kelley Co. owned stock in the Stuyvesant Co. and not The Euclid Windsor Co.

The judgment of the Common Pleas for The Ford-McCaslin Co. was affirmed by the Court of Appeals.

The Euclid Windsor Co., in the Supreme Court, contends:

1. That there was no authority from The Euclid Windsor Co. authorizing Jacobs to make or enter into such rescinding contract.

2. That if Jacobs did enter into such rescinding contract, he had no authority to do so because neither he nor any of the directors of The Euclid-Windsor Co. were stockholders at that time or subsequently; and in law, were not directors or officers of The Euclid Windsor Co. because of the fact that they had previously disposed of their respective interests in said Company by the formal sale and transfer of all their stock therein.

Attorneys—Guthery, Guthery, Binyon & Williams, for Euclid Windsor Co.; Tolles, Hogsett, Ginn & Morley, for Ford-McCaslin Co.; all of Cleveland.